UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIM TREVINO, | Case No. 14-14376 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| JANE KELLY, BURKE CASTLEBERRY, ESCOTT, RINEY AND JACOB PIFER, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTION TO DISMISS (Dkt. 38) and
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 50)**

## I. PROCEDURAL HISTORY

Plaintiff, a prisoner in the custody of the State of Michigan, filed the *pro se* civil rights complaint against a variety of government officials involved in his arrest and prosecution. (Dkt. 1).[1] District Judge David M. Lawson referred this matter to the undersigned magistrate judge for all pretrial proceedings. (Dkt. 25). On June 21, 2016, defendants Castleberry and Pifer filed a motion to dismiss the complaint based on immunity and failure to state a claim. (Dkt. 38). Plaintiff filed a response on July 7, 2016 and defendants filed their reply on July 27, 2016. (Dkt. 42, 44). Defendant Riney filed a motion for summary judgment on October 17,

---

[1] Plaintiff's amended complaint, which is the controlling complaint in this matter, can be found at Docket Entry 17.

1

2016, which has also been fully briefed. (Dkt. 50, 57, 60). These matters are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** as to plaintiff's excessive force claim (against all defendants) and that the remainder of plaintiff's claims (against all defendants) be **DISMISSED** without prejudice under the *Heck v. Humphrey* doctrine.[2] The undersigned further **RECOMMENDS** that the pending motion for summary judgment be **TERMINATED** as moot, given the foregoing resolution of all pending claims against all defendants.[3]

## II. FACTUAL BACKGROUND

In his amended complaint, plaintiff alleges that on August 24, 2012, Blissfield Police Chief Jane Kelly entered into his home with defendants Pifer,

---

[2] Notably, the Court has the authority under 28 U.S.C. § 1915(e)(2) to dismiss an action *sua sponte* where, as here, plaintiff proceeds *in forma pauperis*. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is later invalidated." *Rodriguez v. McCarthy*, 2016 WL 6155802, at *3 (E.D. Mich. Oct. 24, 2016) (citing *Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004)).

[3] Given the conclusion that all claims are barred by *Heck v. Humphrey*, except plaintiff's excessive force claim, the undersigned suggests that it is not necessary to address defendant Castleberry's assertion that he is entitled to absolute prosecutorial immunity or whether plaintiff's claims against him fall within the category of "'investigative' or 'administrative' acts," for which there is no absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 483 n.2, 486 (1991); *see also Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).

Escott, and Riney, acting in concert with defendant Castleberry without a search warrant. (Dkt. 17, Pg ID 62-63). Plaintiff also alleges that he was arrested and his person was searched in his home without a warrant. He further asserts that he was tasered and suffered physical and emotional injury as a result. Plaintiff claims the defendants violated the Fourth, Fifth, Eighth, and Fourteenth Amendments under the United States Constitution. *Id*. Plaintiff requests that defendants be held liable for money damages, including compensatory, emotional distress damages, and punitive damages for their actions in entering his home without a search warrant, tasering him, and illegally arresting him. (Dkt. 17, Pg ID 62).

**III.    DISCUSSION**

    A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The United States Supreme Court raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, 577 F.3d at 629. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie*, 577 F.3d at 629.

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046, at *4 (E.D. Mich. Sept. 8, 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.

4

1999)). Thus, the Court must read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding that the Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue).

    B.    <u>*Heck v. Humphrey*</u>

The doctrine set forth in *Heck v. Humphrey* precludes the court from recognizing plaintiff's constitutional claims against all defendants (save the excessive force claim, which is discussed separately below) because plaintiff has not alleged or achieved a favorable termination of his conviction. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). The *Heck v. Humphrey* doctrine is applicable and requires the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). In *Heck*, the Supreme Court held that actions premised

5

on § 1983 require the final adjudication of the criminal proceeding to be decided in the favor of the accused in order to prevent the possibility of contradictory resolutions of a claimant from succeeding in a tort action, yet being convicted in the criminal action. *Heck*, 512 U.S. at 484. Essentially, "a claim of damages bearing that relationship to a conviction or sentence [that] has not been so invalidated is not cognizable under § 1983. *Id*. at 487. As explained by the Supreme Court, permitting a § 1983 action that necessarily requires the plaintiff to prove the unlawfulness of his conviction or confinement, would contravene the strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction. *Id.* The *Heck* court stated as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

*Heck* makes clear that any § 1983 claims for an unconstitutional conviction, arrest or imprisonment are barred unless and until the underlying conviction is set aside. The *Heck* doctrine applies equally to plaintiff's claims for unlawful search

6

and seizure. Indeed, this case involves facts similar to those presented in *Fox v. Michigan State Police Dep't*, 173 Fed. Appx. 372, 373-74 (6th Cir. 2006):

> On July 3, 2001, Michigan State Police officers went to Fox's home, in response to an alleged violation of a Michigan state court personal protection order. Lynn Fox, the appellant's wife, had obtained the personal protection order against Fox in favor of herself and her children following an alleged incident of domestic assault. Upon arrival at the Fox home, officers Nate McGuire and Mark Hagerman found Jamie Fox outside the home. McGuire and Hagerman noticed that Fox was carrying a knife on his side. They searched Fox and his vehicle and arrested Fox. Fox was charged with one count each of domestic violence, absconding, possession of a mechanical contrivance (switchblade), possession of an unregistered firearm, and carrying a concealed weapon. Fox reached a plea agreement with the prosecutor in which he agreed to plead guilty to domestic violence and possession of a mechanical contrivance (switchblade) in exchange for the dismissal of all other charges. Fox entered his guilty plea on August 22, 2001.

The Sixth Circuit concluded that the plaintiff's claim that he was unlawfully searched was barred by *Heck v. Humphrey* because a finding in favor of the plaintiff on his claim that defendants unlawfully searched his person would "necessarily imply the invalidity of his conviction" for possession of a switchblade. *Id.* at 377 (quoting *Heck*, 512 U.S. at 487); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) ("The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit.").

7

Here, plaintiff is challenging the role that each of the defendants played in his alleged false arrest, unlawful search and seizure, and false imprisonment based on the defendants' allegedly "unconstitutional" actions. However, plaintiff has not alleged that there has been a final adjudication of his conviction decided in his favor. As such, plaintiff's claims are not properly cognizable under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 486-87. For these reasons, the undersigned recommends the dismissal of plaintiff's claims against all defendants, except for the excessive force claim, as barred by *Heck v. Humphrey*.

    C.    <u>Excessive Force Claim</u>

Nothing in the current record suggests that plaintiff was convicted of resisting arrest. Thus, plaintiff's claim for excessive force does not appear to implicate the validity of his conviction or sentence and is not subject to the *Heck* doctrine. *See Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000) ("In general, the federal courts hold that Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."); *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609-14 (6th Cir. 2014) (holding that *Heck* barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force). Defendant Pifer contends

that it should nevertheless be dismissed because the complaint fails to specifically allege which, if any, officer tasered him. In particular, Pifer maintains that plaintiff failed to allege that Pifer tasered him and failed to allege that any force was used on plaintiff by Pifer, which is required for a claim of excessive force. Thus, defendant Pifer maintains that plaintiff has failed to allege a claim for excessive force in violation of the Fourth Amendment against him and he is entitled to qualified immunity. Pifer also argues that even if he is not entitled to qualified immunity, plaintiff has failed to allege claims for excessive force against him. Thus, according to Pifer, such claims should be dismissed.

In his response, plaintiff does not specifically address the excessive force claim asserted against Pifer. Rather, he merely claims that defendants are not entitled to immunity and that Pifer violated plaintiff's constitutional rights by acting without a search warrant or a showing of probable cause. (Dkt. 42, Pg ID 212-213). While it is "generally inappropriate for a district court to grant a Rule 12(b)(6) motion to dismiss on the basis of qualified immunity," *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015), here, despite filing a responsive brief, plaintiff has simply failed to address the merits of the motion to dismiss the excessive force claim by Pifer. It is also within the discretion of the district court to determine whether a party has forfeited an argument by failing to raise it. *Kentucky Mist Moonshine, Inc. v. University of Kentucky*, — F.Supp.3d —; 2016

WL 3546319, *7 n. 5 (E.D. Ky. 2016) (citing *Horn v. City of Mackinac Island*, 938 F.Supp.2d 712, 723 n. 8 (W.D. Mich. 2013)). Dismissal of the excessive force claim as to defendant Pifer is appropriate on this basis alone.

Moreover, even if the merits of plaintiff's excessive force claim against Pifer and the other defendants are considered, plaintiff simply fails to state an excessive force claim. In order to hold a defendant liable in his individual capacity under § 1983, a plaintiff must show that the particular defendant was personally involved in the alleged constitutional deprivation(s). *Mhoon v. Metropolitan Government of Nashville & Davidson Co., Tenn.*, 2016 WL 6250379, *3 (M.D. Tenn. 2016) (citing *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.")). The present complaint is similar to that found deficient under Rule 12(b)(6) in *Mhoon*, where the excessive force and deliberate indifference allegations failed to indicate whether and how each individual defendant was involved in the use of excessive force. In *Mhoon*, the plaintiff used a generic reference to "defendants," without specifying which defendants were involved, "even where it is clear that not all of them could have been involved." *Id*. at *3. The court concluded that this "form of group pleading" was insufficient to establish that any one of the defendants acted in an unconstitutional manner. *Id*. (citing *Rodriguez v. Providence Cmty. Corrs.,*

*Inc.*, 2016 WL 3351944, at *11 (M.D. Tenn. 2016) ("A complaint that fails to impute concrete acts to specific litigants, fails to state a plausible claim." (internal quotation marks and citations omitted)); *DeSoto v. Metro. Gov't of Nashville & Davidson County*, 64 F. Supp. 3d 1070, 1087 (M.D. Tenn. 2014) ("Here, [the] Amended Complaint in general alleges claims against 'the defendants,' without specifying which defendants are the actual target of certain claims, what actions those defendants allegedly took related to that particular claim, and why those actions could support a given claim.")).

In this case, plaintiff generically alleges that "defendants" used excessive force by tasering him. He does not, however specify which defendant used a taser. The complaint does not connect the personal involvement of any particular defendant to the alleged use of excessive force.[4] Thus, there is no reasonable way to discern which defendant allegedly used excessive force against plaintiff and the claim. As a consequence, plaintiff's excessive force is properly dismissed under Rule 12(b)(6) as to all defendants.

---

[4] As the court observed in *Bruce v. Smith*, 2014 WL 3928294, *5 (S.D. Ohio 2014), "personal involvement does not necessarily mean direct involvement; an official can be liable for encouraging another to commit an unconstitutional act or failing to intervene after personally observing another violating an individual's constitutional rights." (Citing *Belamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (recognizing that a supervisor can be liable for the acts of his employees if he encouraged or otherwise participated in the specific incident of misconduct); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (noting that official could be liable for failing to intervene if he observed or had reason to know that excessive force was being used by another officer)). However, nothing in plaintiff's amended complaint, as currently written, articulates such a theory for his excessive force claim.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** as to plaintiff's excessive force claim (against all defendants) and that the remainder of plaintiff's claims (against all defendants) be **DISMISSED** without prejudice under the *Heck v. Humphrey* doctrine. The undersigned further **RECOMMENDS** that the pending motion for summary judgment be **TERMINATED** as moot, given the foregoing resolution of all pending claims against all defendants.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 14, 2017                s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 14, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Tim Trevino #190370, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov