UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIM TREVINO,

               Plaintiff,               Case Number 14-14376
                                                   Honorable David M. Lawson
v.                                                 Magistrate Judge Stephanie Dawkins Davis

JACOB PIFER,

               Defendant.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, AND DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

The plaintiff filed his original complaint in this case on November 13, 2014, and he later filed an amended complaint naming certain additional individual defendants. He contends that his Fourth Amendment rights were violated by arresting officers who used excessive force when they deployed a taser even though he offered no resistance. The case was referred to Magistrate Judge Stephanie Dawkins Davis to conduct pretrial proceedings.

Several dispositive motions were filed by the various defendants, and the plaintiff moved to voluntarily dismiss his claims against some of them. After all of the dispositive motions were resolved by the Court, only defendant Officer Jacob Pifer remained. He subsequently filed a motion for summary judgment on the basis of qualified immunity. The plaintiff also filed a motion for partial summary judgment as to the defendant's liability for the use of excessive force. On January 22, 2018, Magistrate Judge Davis filed a report in which she recommended that both motions should be denied. Magistrate Judge Davis concluded in her report: "[I]f a jury accepts plaintiff's version of events, that he was not actively resisting and that he was shot with a taser within seconds of the officers' entry into his bedroom, the jury could reasonably find that the use of the taser was

excessive force. Conversely, if a jury accepts Pifer's version of events, that plaintiff was verbally resisting and advancing towards officers, it could reasonably find that the force used was not excessive." Rep. & Rec. at 16.

That conclusion was unavoidable. Although Defendant Pifer offered a version of the facts that had the plaintiff actively resisting — and thus justifying the use of a taser to subdue him — the plaintiff filed an affidavit depicting a far different version of the events. He averred that he was at home, sleeping in bed with his wife, on the afternoon of February 22, 2013, when police executed a search warrant for the home to locate and arrest him. He asserts that when the police officers entered his home, he was lying on his back sleeping, and his wife was between him and the police officers. He claims that all of the officers were shouting different orders and, within 10 seconds of their entry, defendant Officer Jacob Pifer shot him in the chest with a taser gun. The plaintiff maintains that he never resisted the defendant's efforts to arrest him, he did not try to escape or reach for a weapon, and he never stated that he was armed. It appears to be undisputed that the officers found no weapons in the bedroom.

Remarkably, and in the face a classic factual dispute that precludes summary judgment as a matter of law, defendant Pifer objected to the denial of his motion. The plaintiff did not object. The matter is before the Court for fresh review.

I.

Although the underlying circumstances of the plaintiff's arrest hotly are disputed by the parties, they appear entirely to agree about which material facts are in dispute. In her report, the magistrate judge summarized the plaintiff's testimony as follows:

> Plaintiff's version of events differs from the defendant's. Plaintiff says he was at home, sleeping in bed with his wife, on the afternoon of February 22, 2013 when

police executed a valid warrant on his home. Plaintiff says that when the police officers entered his home, he was lying on his back sleeping, and his wife was between him and the police officers. Plaintiff says that all of the officers were shouting different orders and within 10 seconds of their entry, defendant shot him in the chest with a taser gun. Plaintiff maintains that he never resisted, did not attempt to escape or reach for a weapon, and never stated he was armed. Further, the officers found no gun in his bedroom.

Rep. & Rec. at 3-4 (Pg ID 868-69) (citing Plf.'s Aff. ¶¶ 5-20) (Pg ID 705-06)). In his response to the plaintiff's motion for summary judgment, defendant Pifer stated his own substantially identical assessment of the parties' factual dispute:

> This case involves the quintessential genuine issue of material fact. Plaintiff insists he was tased while sleeping in his bed and was at all times compliant with Defendant and the other officers who entered his home. Defendant and the other officers tell a much different story, describing Plaintiff as verbally combative and resisting arrest. The objective reasonableness of Defendant's use of a taser turns on which version is true.

Def.'s Resp. to Plf.'s Mot. for Summ. J. at 7 (Pg ID 732).

II.

The filing of timely objections to a report and recommendation requires the Court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

The fact that the parties have filed cross motions for summary judgment does not automatically justify the conclusion that there are no facts in dispute. *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003) ("The fact that the parties have filed cross-motions for summary

judgment does not mean, of course, that summary judgment for one side or the other is necessarily appropriate."). However, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A trial is required only — as here — when "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

The defendant filed objections raising two issues. *First*, the defendant contends that the magistrate judge committed error by relying on cases decided after the arrest occurred in February 2013 to determine whether the plaintiff's Fourth Amendment rights were clearly established. Because the qualified immunity defense turns on the answer to that question, Pifer believes that cases decided after that date, which define the line between "active" and "passive" resistance that governs the propriety of taser usage, should have no bearing on whether his excessive force was clearly so. *Second*, the defendant asserts that the plaintiff has not provided more than a "mere scintilla" of evidence in support of his claims, because, among other things, he submitted as an exhibit to one of his pleadings a copy of the defendant's police report. He says that the plaintiff "relied upon" that report to support some of his claims and arguments in this case. The defendant contends that the account of the arrest described in that report and in the defendant's testimony is much more plausible than the plaintiff's version of the events, and that no jury reasonably could accept the plaintiff's testimony as a basis for a verdict in his favor.

A. Defendant's First Objection

The defendant's first objection is without merit because the nature of the plaintiff's purported resistance to the arrest — "active" versus "passive," for example — is not material to any issue

remaining for trial. As the magistrate judge recognized — and as the defendant conceded in his opposition to the plaintiff's motion — the plaintiff's position is that he did not offer *any resistance at all* to the arrest. It is beyond dispute that it clearly was established under the controlling case law in this circuit, well before February 2013, that the use of a taser against a suspect who offered no resistance at all — "active" or otherwise — constituted unreasonably excessive force.

"Cases from this circuit and others, before and after May 2007, adhere to this line: If a suspect actively resists arrest and refuses to be handcuffed, officers do not violate the Fourth Amendment by using a taser to subdue him." *Hagans v. Franklin County Sheriff's Office*, 695 F.3d 505, 509 (6th Cir. 2012) (collecting cases). "By contrast, when we have found excessive force, the suspects were compliant or had stopped resisting." *Ibid.* "A suspect's active resistance also marks the line between reasonable and unreasonable tasing in other circuits." *Id.* at 509-10 (citing *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 665 (10th Cir. 2010) (tasing non-resistant suspect was excessive force); *Oliver v. Fiorino*, 586 F.3d 898, 906–07 (11th Cir. 2009) (tasing suspect ten times was excessive force because he stopped resisting after the first shock); *Brown v. City of Golden Valley*, 574 F.3d 491, 498–99 (8th Cir. 2009) (tasing car passenger who was not attempting to flee or resist arrest was excessive force); *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1282 (10th Cir. 2007) (tasing a non-violent misdemeanant who was not offering any resistance was excessive force)). In *Thomas v. Plummer*, 489 F. App'x 116 (6th Cir. 2012), the Sixth Circuit plainly held as follows: "The question presented is whether an officer's tasing a once-disobedient suspect who has stopped resisting constituted excessive force, as of August 23, 2009. We hold that it did." *Id.* at 125. The court of appeals noted that it had "applied this general rule in the context of taser use, holding

that a suspect not resisting arrest had a clearly established right not to be tased, as of October 28, 2006." *Id.* at 126 (citing *Kijowski v. City of Niles*, 372 F. App'x 595, 601 (6th Cir. 2010)).

The plaintiff attested that he was asleep when police entered his bedroom, and that the defendant deployed his taser within ten seconds after entering the room, as the police shouted a barrage of verbal commands. That testimony would be sufficient to permit a jury reasonably to conclude that the plaintiff did not resist arrest, and had no capacity to mount any resistance, since he either was asleep in his bed or was awoken mere seconds before he was tased. It certainly also reasonably would support a conclusion that the plaintiff was tased before he had any opportunity to comply with the defendant's orders or attempts to arrest him.

The defendant contends that the magistrate judge erroneously relied on points of law that were not clearly established before the date of the arrest. But, in his opposition to the plaintiff's motion, the defendant principally cited *Gradisher v. City of Akron*, 794 F.3d 574 (6th Cir. 2015). Def.'s Resp. to Plf.'s Mot. for Summ. J. at 7 (Pg ID 732) (citing 794 F.3d at 586 ("[W]hether Gradisher resisted or not and whether he was given an opportunity to comply with commands before, and while, being tased are material facts in dispute.")). *Gradisher* concerned the use of a taser on the plaintiff in that case during a 2011 arrest. The court of appeals denied qualified immunity to the officer who deployed his taser because, under the plaintiff's version of the facts, he was compliant and unresisting, or had no opportunity to comply before he was tased. Under any reading of the controlling case law in effect in February 2013, it was clearly established that an *unresisting* suspect, or a suspect who had no opportunity to comply with the orders of police, had a right not to be tased during the course of an arrest.

B. Defendant's Second Objection

The defendant's second objection also is meritless. The defendant argues that the Court must credit his version of the facts and not the plaintiff's because the plaintiff submitted among his documents the defendant's police report in support of a "reply" to the defendant's answer to the complaint. But the defendant has not pointed to any admission in the record by the plaintiff that he bought into that version of the events, or that it was true. And the plaintiff's affidavit testimony flatly contradicts the defendant's account. The conflicts in the parties' testimony are not over mere trifles. The defendant himself has conceded — in fact he ardently insisted in his opposition brief — that the decision of a fact finder about which account of the events to credit as true would be dispositive as to his liability. The defendant's argument that the Court should credit his testimony over the plaintiff's, because the plaintiff's version is "implausible," invites the Court pick the more credible account. It is elementary, however, that "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Savage v. Federal Express Corp.*, 856 F.3d 440, 446 (6th Cir. 2017) (quoting *Anderson*, 477 U.S. at 255). The Court's role in ruling on a motion for summary judgment is to decide whether the opponent of the motion has put forth sufficient admissible evidence to show that "there are [one or more] genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. to 250. As the magistrate judge patiently explained, the plaintiff has done so here.

### III.

The record before the Court adequately establishes that a genuine issue of material fact remains for trial as to whether the plaintiff resisted the defendant's attempts to arrest him or had any opportunity to comply with the defendant's and other officers' orders before he was tased. The

plaintiff did not object to the magistrate judge's conclusion that his motion should be denied. The defendant's objections to the denial of his motion are without merit.

Accordingly, it is **ORDERED** that the report and recommendation [87] is **ADOPTED**, and the defendant's objections [88] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [79] and the defendant's motion for summary judgment [82] are **DENIED**.

Because it appears that no pretrial motions remain pending, and the matter is ready for trial, it is further **ORDERED** that the order of reference [25] is **VACATED**.

It is further **ORDERED** that the case is referred to the *pro bono* clerk for designation of counsel for the plaintiff, after which the Court will convene a status conference to establish a trial date and other related case management benchmarks.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 2, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2018.

s/Susan Pinkowski  
SUSAN PINKOWSKI